### S. CONANT FOSTER *v.* THOMAS J. COLEMAN.

Books kept by a party in his business, are competent evidence of an account, when it is proved that the party had no clerk during the period in which the charges were made; that some of the articles or services were in fact rendered or delivered; that the books are the books of the party offering them; and that such party keeps correct accounts.

Whether the latter fact may be proved, not only by persons who have settled accounts with him, and have treated the books as the basis of settlement; but, also, by witnesses who testify that charges made against them therein are correct, although not yet settled; and whether, if witnesses produce accounts, which they testify are correct, which are in fact settled, and which correspond with entries made against them in the books, in due course of business, at the dates of the respective charges in such accounts; it is material that the witnesses, when they settled, should have seen the books? *Quere.*

The accounts must be shown to have been *kept* during the period embraced in the account between the litigating parties, or, at all events, *ante litem motam ;* but when a settlement of such accounts is offered in evidence of their correctness, it is not necessary that such settlement, if made in good faith, should have been effected before the suit was commenced.

The rules allowing and regulating the admission in evidence of the books of a merchant, apply equally to those of a physician.

The finding of referees is to be treated like the verdict of a jury; and when sustained by several unimpeached witnesses, it will not be set aside, although the testimony of a greater number would, if believed, have warranted a report more favorable to the unsuccessful party.

THIS was a suit for medical services. The plaintiff was a physician. On the trial before referees, witness testified to having seen him at the defendant's residence occasionally, in professional attendance upon his wife and child. A day book

or journal, in which the plaintiff was in the daily habit of entering charges, and which contained the account upon which this action was brought, was then put in evidence, it having been shown that he had no clerk.

The plaintiff produced witnesses, who testified that they had settled accounts with him, by his books, and had found them correct; some stating that their settlements were made before, and others after, the commencement of this suit. By other persons, it was proved that charges against them were correct, although not yet settled. Upon objection to a portion of the plaintiff's testimony, a point was also raised, as to whether it was necessary that a witness, who proves the settlement of his account with the plaintiff, should, at the time of such settlement, have actually seen the books.

The referees found for the plaintiff. From the judgment upon their report, the defendant appealed to the general term.

*Edward Sandford*, for the defendant.

*Ebenezer Seeley*, for the plaintiff.

By THE COURT. WOODRUFF, J.—The principal ground upon which the defendant seeks to set aside the report of the referees in this case is, that the plaintiff's book of account was improperly admitted in evidence.

Regarding the plaintiff's entries in his own private books as in the nature of declarations made in his own favor by himself, their admission in evidence is an exception to the strict common law rule, and ought to be confined to the narrow limits within which necessity, and perhaps policy, has been deemed to warrant the deviation. The circumstances under which such books are competent evidence, in this state, are clearly defined in *Vosburgh* v. *Thayer*, 12 Johns. 461, and recognized in *Reed* v. *McAllister*, 4 Wend. 484. They are these:

It must first be proved that the party had no clerk during the period in which the charges are made. That some of the

articles or services charged were in fact rendered or delivered. That the books are the books of the party who offers them, and that such party keeps correct accounts, which last, it is said, must be shown by those who have had dealings with him, and have settled their accounts by the books.

It is strenuously insisted, that there is no very good reason for confining the proof that the party keeps correct accounts to witnesses who have settled accounts with the party, or to those who, on such settlement, have treated the book itself as the basis of settlement. That the other requisites being proved, the point to be established is, that the party keeps correct books of account, and that if this be shown, every thing is shown which is necessary to create the presumption of accuracy in the matter under investigation. If it be proved by witnesses who know the fact, that accounts contained therein against them, which are entered in due course of business, during the period in question, are in all respects correct, will it strengthen their testimony, that they add further, that such accounts are settled? And if accounts are produced which were, in fact, settled, and on examination, they are proved to correspond with entries regularly made in due course of business in the book at the dates of the respective charges, is it material that the witness, when he settled the account, did not see the book at all?

It is urged, on the other hand, that a *settlement*, and a settlement *by the book*, are both necessary, because it ought to appear that the book has been *heretofore relied upon* by others, in their dealings with the party; that the book has a *reputation* for correctness. On a question of competency, proof of *actual* accuracy seems to me evidence not inferior to proof, that a third person relied upon it as accurate.

Whatever our views might be of the propriety of admitting the books, if the question were now to be determined for the first time, and the case in which they should be received were now to be defined, we do not feel it necessary in this case to depart from the language of the rule heretofore laid down, since the plaintiff not only proved the actual correctness of his accounts, but examined several witnesses who testified to

actual settlement by the books, thus complying literally with the rule as contended for by the defendant's counsel.

To this evidence the defendant interposed a further objection, viz., that it appeared from their testimony that the settlements were made since this suit was brought, and he insists that the fair inference from their evidence is, that the plaintiff effected these settlements, with a view to use these persons as witnesses in this cause.

Although the time when the suit was commenced does not appear on the papers submitted to the court on the argument, I presume, from what does appear, that the settlements were all made since the suit was commenced, except the settlements with Samuel F. Barry, whose testimony is very general, and Thomas R. Lowray, who says he settled accounts from the book which, on examination of the book, he found correct; but whether he made such examination before the settlements, and settled in reliance on such examination, does not distinctly appear.

I cannot discover any thing which would warrant the rejection of the evidence of a settlement made by the book, merely because such settlement was made after this suit was commenced, nor has the counsel for the defendant referred us to any authority in support of this ground of objection. It is to be kept in mind, that the point to be proved is, that the accounts kept *during the period embraced in the account between the litigating parties*, or, *at all events, kept ante litem motam*, are correct. The *means* of establishing that fact may be gained at any time before trial. Had the plaintiff attempted to prove that accounts kept by him since this suit was brought were correct, calling witnesses to show that *such* accounts had been settled by them by the books, the defendant's objection that this was or might be evidence "manufactured" by the plaintiff, would have had much force. But accounts kept in due course of business before suit, and during the period in question, if false, continue so till the time of trial, and if honest and fair, remain so still; and if it be, as is insisted, necessary to prove by the parties affected thereby that they have paid their money *in reliance thereon*, as a reason why the referees

Foster v. Coleman.

should also rely on the same books, the rule is complied with whenever such confidence in the books is manifested by the actual settlement and payment of money on the faith thereof. Undoubtedly the referees ought to be satisfied that such settlements are made in good faith, and that the witness is sincere in his reliance on the accuracy of the account he has paid, and that the transaction is not a fraud or trick, enacted without any belief that the accounts are in fact honest and fair.

The defendant further insists that the books of a physician are not admissible at all, but only the books of a trader or merchant. The case of *Vosburgh* v. *Thayer* warrants no such restriction. The case of *Sinnel & Foot* v. *Sutherland*, 11 Wend. 568, applies the rule to a mechanic's books of account for work done in the line of his business. And Judge Cowen, in the opinion of the court in *Sickles* v. *Mather*, in 20 Wend. 75, distinctly states that books are alike evidence, whether the party be a merchant or engaged in any other business.

The remaining ground upon which we are moved to set aside the report, is that the finding is against the weight of evidence. This could not be, and was not urged on the hearing, with much earnestness. The testimony was very voluminous, and related chiefly to the value of the plaintiff's services. The testimony of the witnesses was, in some degree, conflicting, but by no means so decidedly against the finding of the referees as to warrant our interference with the report on that ground. On the contrary, we think that the report is, in that respect, in accordance with the weight of the testimony. If we thought that the case would have warranted a finding more favorable to the defendant, we could not, for that reason alone, set the report aside. In this respect, their finding is to be treated like the verdict of a jury, and where the testimony of several unimpeached witnesses examined on a trial fully sustains a verdict, it would be a departure from all precedent to set it aside, merely because the testimony of a greater number of witnesses would, if believed, seem to require a verdict for a less amount. It is hardly necessary to add, that we think that full justice has been done in this case.

The motion for a new trial must be denied, with costs.